FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALBERTO ALVAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>YAKIMA POLICE DEPARTMENT; MARK WILLIAMS; RYAN AVERY; D. DIAZ; BROOKE WRIGHT, Washington State Deputy Prosecuting Attorney; and YERICA MERAZ,<br><br>    Defendants. | NO. 1:19-CV-03272-SAB<br><br>**ORDER DISMISSING CASE** |

Before the Court are a litany of motions. From Defendants are three separate motions to dismiss. ECF Nos. 13, 15, and 19. From Plaintiff are two Construed Motions to Amend the Complaint, ECF Nos. 20 and 30, a Motion to Appoint Standby Counsel, ECF No. 21, a Motion to Strike Defendants' Motions to Dismiss, ECF No. 24, a Motion for Clerk's Entry of Default, ECF No. 34, two Motions for Default Judgment, ECF Nos. 28 and 35, and a Construed Motion to Disqualify Counsel, ECF No. 29. Plaintiff is proceeding *pro se*. Defendants Yakima Police Department, Officer Mark Williams, Officer Ryan Avery, and Officer D. Diaz are represented by Robert Christie and Thomas Miller. Defendant Brooke Wright is

**ORDER DISMISSING CASE** * 1

represented by Don Anderson. Defendant Yerica Meraz is represented by Ben Crozier. The motions were considered without oral argument.

The Court has reviewed all of the briefing in this matter[1] and the applicable case law. The Court therefore grants Defendants' motions and dismisses this case with prejudice. Plaintiff's motions are either dismissed or denied as moot, as discussed below.

## Facts and Procedural History

At its core, Plaintiff's claims arise out of a complaint made by Ms. Meraz to the Yakima Police Department in November 2016 and his subsequent trial and conviction. ECF No. 1 at 11.

On November 17, 2016, Ms. Meraz met with Officer Avery and Officer Williams to initiate a complaint against Plaintiff. *Id.* at 12. No written statement or audio recording was produced in this initial questioning. *Id.* at 2. During the interview, Officer Williams took several photographs of Ms. Meraz's phone screen. *Id.* The next day, Officers Avery and Williams met with Ms. Meraz at her home to give her a domestic violence statement form. *Id.* Officer Avey explained how to fill out the form and told Ms. Meraz that he filled out the information on the top of the form for her. *Id.* After meeting with Ms. Meraz, Plaintiff alleges Officers Avery and Williams went to Plaintiff's home, "opened the screen door" to his home, then "grope[d]" him by the arm, and pulled him onto his doorstep and placed him under arrest. *Id.* at 12-13. Plaintiff was transported to the Yakima Police Station and placed in a holding cell, handcuffed to the wall. Officer

---

[1] The Court notes that Mr. Alvarez has two other cases pending before it, *Alvarez v. Yakima Police Department et al*, 1:20-CV-3057-SAB (complaint filed May 6, 2020), and *Alvarez v. Yakima County Department of Corrections*, 1:20-CV-3071-SAB (complaint filed May 27, 2020). Because both of those cases were filed after Mr. Alvarez became incarcerated on state criminal charges, the Court is required to screen those complaints before service of process can be issued. Orders screening both of those Complaints are forthcoming.

**ORDER DISMISSING CASE * 2**

Williams attempted to question Plaintiff, and he demanded a lawyer after Officer Williams allegedly asked him questions about his masturbation habits. *Id.*

Plaintiff also alleges that there was misconduct by Deputy Prosecutor Wright during his trial. Plaintiff alleges that Defendant Wright engaged in malicious prosecution by amending the probable cause affidavit in his case on the day of trial and that she relied on perjured testimony to obtain a conviction against him. ECF No. 20 at 1-2. He also alleges that she knowingly gave false information in closing arguments. *Id.* Plaintiff alleges that Defendant Wright has also committed malicious prosecution against him because of other cases currently pending against him in Yakima Municipal Court and other cases against him that were dismissed on double jeopardy grounds. *Id.* at 2-3. On February 21, 2020, Plaintiff was found guilty of Second-Degree Extortion—Domestic Violence. *See* ECF No. 13-1 (Felon Judgment and Sentence in Yakima County Superior Court).[2] Plaintiff was sentenced to fourteen months confinement and was ordered not to contact Ms. Meraz. *Id.* Plaintiff recently filed a notice of appeal to the Washington Court of Appeals, Division III, seeking review of his judgment and sentence. As far as the Court is aware, the Court of Appeals has neither granted the writ nor issued an opinion. ECF No. 20-1.

Plaintiff filed the instant action on November 18, 2019, asserting constitutional claims under 42 U.S.C. § 1983. Plaintiff's claims include malicious prosecution in violation of the Fourth Amendment, excessive bail and fines in violation of the Eighth Amendment, speedy trial violations, and deprivations of

---

[2] The Court can consider this document. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion into a motion for summary judgment."); Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

**ORDER DISMISSING CASE * 3**

equal protection and due process in violation of the Fourteenth Amendment. He asserts that Defendants' collective actions caused him wrist pain, post-traumatic stress disorder, and extreme emotional distress and anxiety. ECF No. 1 at 8. Plaintiff seeks $500,000 in monetary damages, attorney's fees, costs, bail fees, travel expenses, lost wages, damages for loss of employment advancement opportunities and loss of educational opportunities, and restoration of damaged reputation.

On April 17, 2020, the Court ordered Defendants to reply to the Complaint if they had not already done so. ECF No. 18. By April 28, 2020, all Defendants filed motions to dismiss under either Federal Rule of Civil Procedure 12(b)(5) or 12(b)(6).

## Legal Standard

1. Rule 12(b)(5) Standard

Rule 12(b)(5) allows a party to move for dismissal if it was insufficiently served process. Fed. R. Civ. P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Federal Rule of Civil Procedure 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4(m) requires that a defendant be served within 90 days after the complaint is filed. Rule 4 is a flexible rule and should be liberally construed so long as party receives sufficient notice of the complaint against it. *Id*. (quoting *United Food & Comm. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, without substantial compliance, neither actual notice nor naming a defendant in the complaint will provide the court with personal jurisdiction over a party. *Id*. Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of proper service." *Duran v. Macias-Price*, No. 07-CV-01209-AWI-SMS, 2007 WL 4554390 at *1 (E.D. Cal. Dec. 20, 2007). After proper objection, the party on whose behalf service was made must establish

**ORDER DISMISSING CASE** * 4

its validity. *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004). If service of process is insufficient, the court may dismiss the action or quash the service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

  2. <u>Rule 12(b)(6) Standard</u>

  Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under his rule is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

  When considering a 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the Court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020). Pro se motions are construed liberally. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, the Court may not supply essential elements of the claim that are not initially pled, and vague and conclusory allegations not sufficient to survive a motion to dismiss. *Id*.

  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levit v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief about a speculative level. *Twombly*, 550 U.S. at 555. Dismissal without leave to amend is

**ORDER DISMISSING CASE \* 5**

proper only if it is absolutely clear that deficiencies in the complaint cannot be corrected by amendment. *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## Discussion

As the Court has already noted there are many, many motions pending before it in this case. The Court shall consider each motion in turn.

1. <u>Plaintiff's Motion to Strike Defendants' Motions to Dismiss</u>

Plaintiff requests that the Court strike all of Defendants' Motions to Dismiss. ECF No. 24 at 1. Plaintiff argues that the motions to dismiss should be struck because Defendants did not file and serve Plaintiff with the motions within 60 days after service of the Complaint. *Id.*

Federal Rule of Civil Procedure 12(f) allows a party to file a motion to strike a defense that is insufficient as a matter of law. To determine whether a defense is sufficiently pled as a matter of law, the court considers whether the pleading gives plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). The grounds for the motion to strike must appear on the face of the pleading under attack or from matters which the court may take judicial notice. *Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1162 (C.D. Cal. 2018). Motions to strike are generally disfavored because they are often used as a delaying tactic. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Thus, the moving party must make a showing of prejudice before the motion can be granted. *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

Plaintiff has failed to show that he has been prejudiced by Defendants' delay in filing and serving their motions to dismiss or that the motions to dismiss are insufficient as a matter of law. Furthermore, the Court expressly gave Defendants permission to file technically tardy motions to dismiss so long as they were filed

**ORDER DISMISSING CASE * 6**

by May 15, 2020. ECF No. 18 at 2. Accordingly, Plaintiff's Motion to Strike is denied.

### 2. Plaintiff's Motion for Clerk's Entry of Default and Motions for Default Judgment

Plaintiff has also filed a Motion for Clerk's Entry of Default and two Motions for Default Judgment. Plaintiff's argument here is similar to his argument in favor of his motion to strike—Defendants did not file their motions to dismiss within 60 days of service of the Complaint, so he is entitled to default and default judgment.

Plaintiff's motions are denied. Although Plaintiff correctly sought an entry of default, the Clerk of Court can enter default only where a party has failed to plead, defend, or otherwise appear in a case. Fed. R. Civ. P. 55(a). That is not the case here, as all Defendants have made appearances, including those that arguably were not served. Second, Plaintiff's motions for default judgment are denied because (1) there is no entry of default; (2) he has not indicated that he has provided seven-days' notice to Defendants of the plan to file for default judgment; and (3) he has failed to show that the balance of the *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), factors merits entry of default judgment. Accordingly, Plaintiff's motion for entry of default and motions for default judgment are denied

### 3. Defendants' Motions to Dismiss

#### a. Defendant Meraz's Motion to Dismiss

Defendant Meraz argues that she should be dismissed from this lawsuit because she is not a proper defendant in a § 1983 action. ECF No. 13 at 4-5. 42 U.S.C. § 1983 provides a cause of action against a person acting under color of state law for violations of rights guaranteed by the federal Constitution or federal law. *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015). In order to be held liable, the challenged action must be "state action"; that is, the defendant must

**ORDER DISMISSING CASE \* 7**

have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988); *United States v. Classic*, 313 U.S. 299, 326 (1941). The party bringing claims under § 1983 has the burden of establishing that defendants were state actors. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

To determine whether the actions of a private actor are fairly attributable to the state, the Court considers two factors: (1) whether the deprivation was caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible; and (2) whether the party charged with the deprivation may fairly be said to be a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In general, private individuals do not act "under color of state law" and are not proper defendants in a § 1983 action. *Civil Rights Cases*, 109 U.S. 3 (1883); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). A private individual may be liable under § 1983 if she conspired with or entered joint action with a state actor. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). To demonstrate that a private party is a co-conspirator with state actors, the plaintiff must demonstrate the existence of an agreement or meeting of the minds between the parties to violate the constitutional rights of the plaintiff. *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999). To be liable, each participant need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc). However, vague and conclusory allegations are insufficient to withstand a motion to dismiss, and the court may not interpret the complaint to supply essential elements of the claim. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Based on the plain facts of Plaintiff's Complaint, Ms. Meraz is not a state actor and is therefore not a proper defendant. *See Rivera v. Green*, 775 F.2d 1381,

**ORDER DISMISSING CASE * 8**

1384 (9th Cir. 1985) (holding that filing a police complaint does not transform a private party into a state actor). To the extent Plaintiff attempts to amend his complaint, ECF No. 20, he only seeks to add the label "co-conspirator" to Ms. Meraz in the case caption and make baseless allegations that she previously brought claims against him for violating no-contact orders and is being "silenced" by her attorney to prevent her from "implicating what the defendants did in order to cover-up the illegal tactics used and to avoid answering this lawsuit." ECF No. 20 at 7. However, none of these allegations are sufficient to state a claim against Ms. Meraz as a matter of law. Accordingly, the Court grants Ms. Meraz's motion and dismisses her from this action with prejudice.

        b. *Yakima Police Department Defendants Motion to Dismiss*

The Yakima Police Department (YPD) Defendants moved for dismissal pursuant to Rule 12(b)(5) and 12(b)(6). ECF No. 15. First, Defendants Avery, Williams, and Diaz argue that the claims against them should be dismissed because Plaintiff did not properly serve them. Defendant YPD seeks dismissal because the Complaint does not allege any wrongdoing against the YPD or the City of Yakima. Finally, Officer Diaz requests dismissal of all claims against her under 12(b)(6) for failure to state plausible claims, and Officers Avery and Williams request dismissal of the Sixth, Eighth, and Fourteenth Amendment claims against them.

There is no evidence that Officers Diaz, Avery, or Williams were served pursuant to Rule 4(m). Indeed, the proof of service only shows that service was effected upon Ms. Meraz, DPA Wright, and YPD. *See* ECF No. 7. Furthermore, both Officers Avery and Williams filed declarations attesting to the fact that neither of them were served with a copy of the summons and complaint in this matter within 90 days of the filing of the complaint. ECF Nos. 16 and 17. Insofar as Plaintiff argues the Officers purposefully evaded service, he introduces no actual evidence of these claims. Accordingly, the motion to dismiss is granted and

**ORDER DISMISSING CASE \* 9**

Officers Diaz, Avery, and Williams are dismissed as defendants on Rule 12(b)(5) grounds.

Defendant YPD seeks dismissal under Rule 12(b)(6) because it was not properly named as a defendant in this suit and because the Complaint fails to allege any wrongdoing against it or the City of Yakima. As a preliminary matter, in order to bring an appropriate action challenging the actions, policies, or customs or a local governmental unit, the plaintiff must name the county or city itself as a party to the action, not the particular municipal department alleged to have injured him. *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (citing *Nolan v. Snohomish Cty.*, 59 Wash. App. 876, 883 (1990)). Here, the City of Yakima is not a named party; accordingly, Defendant YPD is dismissed as a defendant in this case.

In addition, the Complaint does not properly establish liability against the City under *Monell*. At the very least, the Complaint does not show that the City had a policy that amounted to deliberate indifference to any of Plaintiff's constitutional rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Indeed, the body of the Complaint does not mention either the City or YPD at all. Plaintiff has failed to allege facts sufficient to state a clause that is plausible on its face, and therefore dismissal of YPD as a defendant and all claims against it is appropriate. *See Iqbal*, 556 U.S. at 677-78; *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014). Insofar as Plaintiff attempts to amend his complaint to add the City of Yakima as a defendant, ECF No. 30, he still fails to show any wrongdoing on behalf of the city itself.

Finally, the Yakima Defendants move for the dismissal of all claims against Officer Diaz and of the Sixth, Eighth, and Fourteenth Amendment claims against Officers Williams and Avery. As discussed above, in order to establish a claim for damages for an alleged constitutional violation under 42 U.S.C. § 1983, the plaintiff must show that the action occurred under color of state law and resulted in

**ORDER DISMISSING CASE** * 10

a deprivation of a constitutional or federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). This also requires a plaintiff to show individual participation in the action that allegedly deprived the plaintiff of his right; for police officers, merely being present or part of a team is insufficient to meet this burden. *Jones v. Williams*, 297 F.3d 930, 937 (9th Cir. 2002).

As to Defendant Diaz, the Complaint and the proposed Amended Complaint only allege that Officer Diaz took Ms. Meraz's statement. Plaintiff also mentions that Officer Diaz "convince[d]" Ms. Meraz to make her statement. ECF No. 20 at 4. This is not sufficient evidence to show the necessary personal involvement in the constitutional violations Plaintiff alleges. Accordingly, the claims against Officer Diaz are dismissed.

Defendants Avery and Williams also request that the Court dismiss the Sixth, Eighth, and Fourteenth Amendment claims against them. ECF No. 15 at 11. It is firmly settled that a person's Sixth and Fourteenth Amendment right to counsel attaches at or after the time that adversary judicial proceedings have been initiated against him. *Kirby v. Illinois*, 406 U.S. 682, 688 (1972). This right attaches at the time of arraignment, and at a preliminary hearing, but generally does not attach until a formal charge has been brought in some shape or form. *Id*. at 689.

The Complaint and proposed amendments to the Complaint do not allege that Officers Avery or Williams infringed on his Sixth and Fourteenth Amendment right to counsel after criminal charges were filed. Plaintiff might have a Fifth Amendment claim—maybe—but that claim has not been brought at this point, and the facts indicate that as soon as Plaintiff asked for an attorney any questioning ceased. The Eighth Amendment prohibits the government from imposing excessive or cruel and unusual punishment. However, the Eighth Amendment does not apply until after a formal adjudication of guilt; claims related to pretrial detention are governed by the Fourteenth Amendment due process clause. *Bell v. Wolfish*, 441

**ORDER DISMISSING CASE** * 11

U.S. 520, 535 n. 16 (1979). There are no allegations that Defendants Avery and Williams are involved with the conditions of Plaintiff's confinement after he was booked into jail, so these claims are dismissed. Finally, to the extent that Plaintiff raises Fourteenth Amendment claims based on his arrest and prosecution (as opposed to the conditions of any pretrial confinement), those claims are improper because they are governed by the Fourth Amendment. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *Fontana v. Haskin*, 262 F.3d 871, 881-82 (9th Cir. 2001). Thus, the Fourteenth Amendment claims are also dismissed.

Accordingly, the Court grants the Yakima Defendants' Motion to Dismiss on all grounds. Officers Diaz, Williams, and Avery are dismissed because they were not properly served and because the Complaint falls to allege plausible claims against them. Defendant YPD is not a properly named defendant and, to the extent the Complaint alleges claims against the City of Yakima, those claims are not sufficient under *Monell* and *Iqbal*. Accordingly, the Yakima Defendants' Motion to Dismiss is granted.

    c.  *Defendant Wright's Motion to Dismiss*

Defendant DPA Wright also requests that the Court dismiss the claims against her because the Complaint fails to state a claim against her and that she is entitled to absolute prosecutorial immunity. ECF Nos. 19, 23. In his Complaint, Plaintiff makes no specific factual allegations against Defendant Wright. In his Motion to Amend, Plaintiff makes allegations of prosecutorial misconduct, asserting that Defendant Wright amended the probable cause affidavit in his case on the day of trial, relied on perjured testimony to obtain a conviction against him, and knowingly gave false information to the jury during closing arguments. ECF No. 20 at 1-2. In his Amended Complaint, Plaintiff clarifies that he is raising a malicious prosecution claim against Defendant Wright.

Defendant Wright is entitled to absolute prosecutorial immunity, and accordingly her Motion to Dismiss is granted. It has long been settled that a

**ORDER DISMISSING CASE** * 12

prosecutor is absolutely immune for actions taken in her prosecutorial function and is only qualifiedly immune for actions taken in her investigatory or administrative function. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Whether a prosecutor was acting in her prosecutorial capacity or some other capacity is determined by "the nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Imbler v. Pachtman*, 424 U.S. 409 (1976). The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question. *Burns v. Reed*, 500 U.S. 478, 486 (1991).

Generally, the duties of a prosecutor in her role as an advocate for the State are entitled to absolute immunity. *Buckley*, 509 U.S. at 272. This includes the professional evaluation of evidence, but it does not apply when a prosecutor is engaged in administrative or investigatory functions normally performed by a detective or police officer. *Id*. at 273. When arguably administrative tasks are directly connected with the conduct of a trial and necessarily require legal knowledge and the exercise of related discretion, absolute immunity is appropriate. *Van de Kamp v. Goldstein*, 555 U.S. 335, 344-49 (2009)).

In the Complaint, Plaintiff makes only threadbare allegations against Defendant Wright. Accordingly, Plaintiff fails to state a claim against her. Insofar as Plaintiff's proposed amendments make allegations of prosecutorial misconduct against Defendant Wright, those claims are barred by absolute prosecutorial immunity because she was acting in her prosecutorial capacity when she presented the probable cause affidavit, prepared Defendant Meraz for trial and questioned her at trial, and made closing arguments to the jury. *Buckley*, 509 U.S. at 272. Even if Defendant Wright acted wrongfully or illegally, she is entitled to absolute immunity. *Imbler*, 424 U.S. at 427.

The Court also notes that Plaintiff's claims against DPA Wright are likely barred under *Heck v. Humphrey*. In *Heck v. Humphrey*, the Supreme Court created

**ORDER DISMISSING CASE** * 13

an exhaustion/abstention rule that bars an individual convicted of a crime from bringing a civil action challenging the conviction until and unless it is overturned, either by the courts or by an executive pardon. 512 U.S. 477, 486-87 (1994). Although no party has yet briefed whether the *Heck* bar applies in this action, the Court finds that *Heck* at least bars Plaintiff's malicious prosecution claim against Defendant Wright. Plaintiff is currently appealing his criminal conviction. Because he has not received relief overturning his conviction or an executive pardon, he has not satisfied the elements of a malicious prosecution claim and is barred by *Heck*. Accordingly, the malicious prosecution claim against Defendant Wright is also dismissed pursuant to *Heck*.

4. <u>Plaintiff's Motions to Amend/Supplement Complaint</u>

Plaintiff requests leave to amend or supplement his Complaint, ECF Nos. 20, 30. As detailed above, Plaintiff wants to add the following elements to his Complaint: (1) to label Defendant Meraz as a "co-conspirator" in the case caption; (2) to specifically allege claims of prosecutorial misconduct against Defendant Wright in support of his malicious prosecution claims; (3) to allege facts about an interview of Defendant Meraz by Officer Diaz; and (4) to include details about other cases filed against him in Yakima County Superior Court. ECF No. 20 at 2-4. Plaintiff also seeks to add a Fifth Amendment claim and a Fourteenth Amendment claim. Defendants oppose the motion and argue that Plaintiff should not be given leave to amend because it would be futile. In his second Motion to Amend, Defendant adds information about service of Defendant Wright and seeks to add City of Yakima as a Defendant.

Pro se parties should generally be given leave to amend unless amendment would cause undue prejudice to the defendant, is sought in bad faith, or is futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Despite this liberal rule, the Court denies Plaintiff's motions and denies him leave to amend his Complaint. There are no facts alleged in either Motions to Amend that would add enough to

**ORDER DISMISSING CASE * 14**

make the claims Plaintiff raised plausible on their face. In addition, although City of Yakima would be a proper party here, Plaintiff has not introduced any facts in his proposed amendments that would establish municipal liability. Accordingly, Plaintiff's Motions to Amend or Supplement Complaint are denied.

5. <u>Plaintiff's Motion to Appoint Standby Counsel</u>

Plaintiff requests that the Court appoint him standby counsel. Because the Court has granted Defendants' motions to dismiss, there is no grounds for which to grant Plaintiff standby counsel. Accordingly, the Motion to Appoint Counsel is dismissed as moot.

6. <u>Plaintiff's Motion to Disqualify Defendant Meraz's Counsel</u>

Finally, Plaintiff seeks to disqualify Ms. Meraz's counsel, Ben Crozier, due to a conflict of interest. ECF No. 29. Plaintiff says—without any support—that he participated in an intake interview with Northwest Justice Project (NJP), where Mr. Crozier is a staff attorney, in late 2016 before retaining different counsel to appeal his state criminal charges. Plaintiff does not allege that he was interviewed by Mr. Crozier specifically. In response, Mr. Crozier introduced an affidavit detailing NJP's conflicts check process and statements from NJP's conflicts check attorney indicating that NJP has no record of Plaintiff ever contacting them for legal representation. Defendant also argues that, , it is unlikely that it would have interviewed Plaintiff as a potential client, as NJP cannot provide representation to criminal defendants except in limited circumstances as a consequence of their federal funding.

When faced with an allegation that an attorney's representation of a client presents a conflict of interest, it is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar. *United States for Use and Benefit of Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp.*, 637 F. Supp. 1556, 1560 (W.D. Wash. 1986). In determining whether an attorney's representation of a particular client violates the

**ORDER DISMISSING CASE \* 15**

attorney's ethical responsibilities, the Court first refers to the local rules regulating the conduct of members of its bar and the Rules of Professional Conduct. *Id*. (*citing Paul E. Iacono Structural Eng'r, Inc. v. Humphrey*, 722 F.2d 435, 439 (9th Cir. 1983)).

Washington Rule of Professional Conduct 1.18 governs a lawyer's duties to prospective clients. A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client. RPC 1.18(a). Even if no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information except as allowed by Rule 1.9. RPC 1.18(b). A lawyer shall not represent a client with interests materially adverse to those of a prospective client or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter. RPC 1.18(c). When the lawyer has received disqualifying information, the representation is nonetheless permissible if the affected client and prospective client give informed consent in writing or the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client and she is timely screened from participation in the matter. RPC 1.18(d).

Plaintiff has failed to demonstrate that there is an actual conflict of interest that requires the Court to disqualify Mr. Crozier as Ms. Meraz's counsel. Plaintiff has introduced no support for his assertion that he contacted NJP in 2016, and the fact that NJP has no information about Plaintiff contacting NJP lends credence to Defendant's argument that the motion is baseless and should be denied. The Court therefore denies Plaintiff's Motion to Disqualify Counsel.

Accordingly, **IT IS ORDERED:**

1. Defendant Yerica Meraz's Motion to Dismiss, ECF No. 13, Defendants Yakima Police Department, Mark Williams, Ryan Avery, and D. Diaz's Motion to

**ORDER DISMISSING CASE \* 16**

Dismiss, ECF No. 15, and Defendant Brooke Wright's Motion to Dismiss, ECF No. 19, are **GRANTED**. Plaintiff's claims against them are **dismissed with prejudice**.

    2. Plaintiff's First Construed Motion to Amend/Supplement Complaint, ECF No. 20, is **DENIED.**

    3. Plaintiff's Motion to Appoint Stand In Counsel, ECF No. 21, is **DISMISSED as moot**.

    4. Plaintiff's Motion to Strike Defendants' Motions to Dismiss, ECF No. 24, is **DENIED**.

    5. Plaintiff's Motion for Default Judgment, ECF No. 28, is **DENIED**.

    6. Plaintiff's Construed Motion to Disqualify Counsel, ECF No. 29, is **DENIED**.

    7. Plaintiff's Second Construed Motion to Amend Complaint, ECF No. 30, is **DENIED**.

    8. Plaintiff's Motion for Entry of Default on Clerk's Order for Affirmative Relief, ECF No. 34, is **DENIED**.

    9. Plaintiff's Construed Second Motion for Default Judgment, ECF No. 35, is **DENIED**.

    10. The Clerk of Court is directed to enter judgment against Plaintiff and in favor of Defendants.

    **IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, to provide copies to counsel and Plaintiff, and to **close** the file.

    **DATED** this 18th day of June 2020.



    Stanley A. Bastian
    United States District Judge

**ORDER DISMISSING CASE \* 17**